PEOPLE v WOMACK

Docket Nos. 78-4172, 78-4173. Submitted October 11, 1979, at Detroit.
—Decided November 14, 1979.

Alfred Womack was convicted on his plea of guilty in Wayne
Circuit Court, Charles Kaufman, J., to seven criminal counts in
two separate informations. In the first case, the defendant pled
guilty to two counts of armed robbery, two counts of assault
with intent to do great bodily harm less than murder and one
count of possession of a firearm during the commission of a
felony. In the second case, which arose out of separate and
distinct acts occurring on a different date from the acts giving
rise to the first case, the defendant pled guilty to one count of
armed robbery and one count of possession of a firearm during
the commission of a felony. Defendant was given a sentence of
five years on each of the felony-firearm convictions. Those
sentences were to run concurrently with each other but consec-
utively to the sentences imposed for the armed robbery and
assault convictions. Defendant appeals, challenging the pro-
priety of the felony-firearm convictions and the sentences im-
posed for those convictions. *Held:*

1. The constitutional right to be secure from double punish-
ment for the same crime is not violated by convictions for both
a felony-firearm violation and the underlying felony out of
which the felony-firearm convictions arose.

2. The provision of the felony-firearm statute which provides
for an increased sentence upon a second conviction is unambig-
uous in its language, it providing that the increased statute
shall be applied to the second conviction irrespective of
whether the second offense occurred subsequent to the first
conviction. It, however, was error for the trial court to impose
the increased sentence on the first conviction.

3. The sentence on the first conviction under the felony-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 189.
[2, 3] 21 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 6.
Chronological or procedural sequence of former convictions as
affecting enhancement of penalty for subsequent offense under
habitual criminal statutes. 24 ALR2d 1247.

firearm statute being in excess of the sentence mandated by the statute for such a conviction, the Court of Appeals will modify that sentence by reducing the sentence to the two year sentence mandated by the statute for a first conviction under the felony-firearm statute.

Affirmed as modified.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FIREARMS — FELONY-FIREARM — STATUTES.

Convicting a defendant of both the underlying felony and carrying or possessing a firearm during the commission of a felony does not violate the constitutional rule against double punishment (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — SENTENCING — FELONY-FIREARM — SECOND CONVICTION — INCREASED SENTENCE — STATUTES.

The provision of the felony-firearm statute which provides for an increased sentence upon a second conviction under that statute applies to the second conviction even though the second offense did not occur subsequent to the first conviction (MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW — SENTENCING — FELONY-FIREARM — FIRST CONVICTION — SECOND CONVICTION — INCREASED SENTENCE — STATUTES.

The increased sentence provision of the felony-firearm statute applies only to second convictions under the statute; accordingly, it is error to impose the increased sentence for the first conviction under the statute even if a second conviction under the statute is had prior to the sentencing on the first conviction under the statute (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and MACKENZIE, JJ.

PER CURIAM. On June 27, 1978, the defendant pled guilty to seven criminal counts contained in two separate informations. In the first case (lower court #78-806650-FR), the defendant pled guilty to two counts of armed robbery, MCL 750.529; MSA 28.797, two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In the second case (lower court #78-806648-FR), which arose from a separate and distinct offense occurring on a different date, the defendant pled guilty to one count of armed robbery and one count of possession of a firearm during the commission of a felony.

He was sentenced to 10 to 20 years imprisonment on each of the armed robbery counts and five to ten years imprisonment on each of the assault counts. The above sentences were to run concurrently. He was sentenced to five years imprisonment on each of the felony-firearm counts. These sentences were to run consecutively to the above sentences but concurrently with one another. He appeals by right. GCR 1963, 806.1.

The defendant first challenges the constitutionality of his convictions under the felony-firearm statute on double jeopardy grounds. The issue has been decided adversely to the defendant in the recent case of *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

The defendant next contends that his sentences of five years imprisonment on each of the felony-firearm counts was impermissible, arguing that the increased scale of punishment set forth in the statute is applicable only when the defendant has committed a second violation of the felony-firearm

statute subsequent to a previous like conviction. We cannot agree.

MCL 750.227b; MSA 28.424(2) provides:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years."

The statutory language is unambiguous. The only precondition to the imposition of a five-year sentence is a second conviction under the statute. There is no requirement that commission of the second offense occur subsequent to a first conviction.

Lastly, though not raised by the parties, we note that the imposition of a five-year sentence on the first of the two felony-firearm convictions exceeded the sentence mandated by the statute. That sentence mandated by statute in the case of a first conviction under the statute is two years. Accordingly, we modify the defendant's sentence by reducing the term of imprisonment on the felony-firearm count in case #78-806648-FR from five to two years. GCR 1963, 820.

Affirmed as modified.