PEOPLE v SAWYER

Docket No. 78-4014. Submitted November 8, 1979, at Detroit.—Decided December 18, 1979.

Ralph E. Sawyer was convicted, on his plea of guilty, of two separate charges of armed robbery and of two separate charges of possession of a firearm in the commission of a felony, Recorder's Court of Detroit, Benjamin C. Stanczyk, J. The two terms of imprisonment imposed for the two felony-firearm convictions were to be served prior to and consecutive with the two terms of imprisonment imposed for the two armed robbery convictions. In addition, the two terms for the two felony-firearm convictions were to run consecutive to each other. The defendant appeals by leave granted, alleging that the trial court lacked authority to make the sentences for the two felony-firearm convictions consecutive to one another. *Held:*

The trial judge not only had the authority but was mandated by the felony-firearm statute to make the two sentences imposed for the two felony-firearm convictions run consecutive to one another.

Affirmed.

1. Criminal Law — Felony Firearm — Statutes.

The felony-firearm statute is constitutional in its entirety (MCL 750.227b; MSA 28.424[2]).

2. Criminal Law — Felony Firearm — Consecutive Sentences — Multiple Felony-Firearm Convictions — Statutes.

The felony-firearm statute mandates that the supplemental sentences imposed for felony-firearm convictions are to be served consecutively with and preceding any term of imprisonment; where a defendant has more than one felony-firearm conviction, the statute mandates that the supplemental sentences imposed for the felony-firearm convictions be served consecutive to each other as well as consecutive to any term or terms

References for Points in Headnotes
[1] 16 Am Jur 2d, Constitutional Law § 219.
[2] 21 Am Jur 2d, Criminal Law §§ 547, 549.

of imprisonment imposed for the convictions on the underlying felonies (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: BASHARA, P.J., and J. H. GILLIS and W. VAN VALKENBERG,* JJ.

PER CURIAM. Defendant was convicted of two separate crimes of armed robbery, MCL 750.529; MSA 28.797. He was also convicted of two separate charges of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). In addition to the armed robbery sentences, the defendant received two consecutive sentences of two years and five years for the felony-firearm convictions.

Defendant filed a delayed application for leave to appeal, contesting only the felony-firearm convictions. He argued that the statute was unconstitutional and that the trial court erred in failing to explain that the two felony-firearm convictions could not run concurrently.

This Court granted the delayed application for leave to appeal and ordered that the parties brief the following issue:

"Did the trial court lack authority to make the two felony firearm sentences consecutive to one another?"

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Since the delayed application for leave to appeal was granted, our Supreme Court has definitively ruled that the felony-firearm statute is constitutional in its entirety. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Our review of the record indicates that the trial court, the prosecutor and defense counsel clearly stated that the armed robbery sentences would run consecutively. The trial judge also explained that the felony-firearm convictions would be a mandatory two years and five years. The guilty plea form signed by defendant reveals that he understood that the sentences resulting from one armed robbery conviction would run consecutively with the sentences from the other.

Did the trial judge have the authority to make the two felony-firearm sentences consecutive? The felony-firearm statute makes it clear that upon a first conviction, a mandatory two-year imprisonment shall be exacted. A second conviction shall result in five years imprisonment, and ten years for a third conviction. The penalties are to be served consecutively with and preceding any term of imprisonment for the related felony.

The convictions imposed in the instant cases were for two separate acts of armed robbery. One occurred on December 14, 1977, and the other on December 22, 1977. The fact that they were combined for a guilty plea proceeding makes the crimes no less distinct and severable. The trial judge not only had clear authority but in our opinion was mandated to impose consecutive sentences as he did.

Affirmed.