PEOPLE v WILLIS

Docket Nos. 78-2851, 78-2852. Submitted October 2, 1979, at Grand
    Rapids.—Decided January 22, 1980. Leave to appeal applied
    for.

Billy Willis pled guilty to two charges of armed robbery and two
    charges of possession of a firearm during the commission of a
    felony at a single plea-taking session in Recorder's Court of
    Detroit, Susan D. Borman, J. The two armed robberies were
    separate and distinct crimes involving different victims, times,
    and geographical locations, although both occurred on the same
    day. Defendant was sentenced to one year and one day on each
    of the armed robberies and to terms of two years on the first
    felony-firearm conviction and five years on the second felony-
    firearm conviction. Defendant appeals. On appeal, defendant
    contends that the mandatory five-year sentence imposed by the
    trial court for his second felony-firearm conviction was invalid
    and should have been a two-year sentence. *Held:*

    Multiple convictions arising out of separate incidents pled to
    at the same time may serve as the basis for subsequent-offender
    convictions under the felony-firearm statute. The court did not
    err in sentencing defendant Willis to five years on the second
    felony-firearm conviction because pleas of guilty to two sepa-
    rate felony-firearm offenses, rendered at a single plea-taking
    session, satisfy the felony-firearm statutory requirement that a
    second conviction under the statute mandates a five-year prison
    sentence.

    Affirmed.

    D. F. WALSH, J., dissented. He would hold that the criminal
    activity supporting a subsequent conviction under the felony-
    firearm statute must have occurred after a prior felony-firearm
    conviction. He would remand for resentencing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 6, 7.
    Chronological or procedural sequence of former convictions as
        affecting enhancement of penalty for subsequent offense under
        habitual criminal statutes. 24 ALR2d 1247.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM — PLEA OF GUILTY — SEPARATE
   CRIMES — MULTIPLE CONVICTIONS — STATUTES.

   Pleas of guilty to two felony-firearm charges made at a single
   plea-taking session but arising out of separate incidents may
   serve as the basis for subsequent-offender convictions under the
   felony-firearm statute (MCL 750.227b; MSA 28.424[2]).

   DISSENT BY D. F. WALSH, J.

2. CRIMINAL LAW — FELONY-FIREARM — SEPARATE CRIMES — SEPA-
   RATE CONVICTIONS.

   *Criminal activity supporting a subsequent conviction under the
   felony-firearm statute must have occurred after a prior felony-
   firearm conviction.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Paul C. Louisell,*
Assistant Prosecuting Attorney, for the people.

*Lerner & Sobel,* for defendant on appeal.

Before: CYNAR, P.J., and D. F. WALSH and L. B.
BEBEAU,* JJ.

L. B. BEBEAU, J. Pursuant to a sentence agree-
ment, defendant on February 14, 1977, pled guilty
to two charges of armed robbery, MCL 750.529;
MSA 28.797, and two charges of possession of a
firearm during the commission of a felony, MCL
750.227b; MSA 28.424(2). The two armed robberies
to which defendant pled guilty were separate and
distinct crimes, involving different victims, times,
and geographical locations, although both occurred
on the same day. Defendant subsequently received
concurrent prison terms of two years on the first
felony-firearm conviction and five years on the
second, in addition to terms of one year and one

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

day on each armed-robbery conviction, the latter to run concurrently with each other but consecutive to the felony-firearm sentences.

The sole issue presented by defendant on appeal which requires discussion is his contention that the mandatory five-year sentence imposed by the lower court for his second felony-firearm conviction was invalid and should have been two years instead. Simply stated, the question is whether defendant's pleas of guilty to two separate felony-firearm offenses, rendered at a single plea-taking session, satisfied the requirement of MCL 750.227b(1); MSA 28.424(2)(1) that "[u]pon a second conviction under this section, the person shall be imprisoned for 5 years".

The problem presented is no longer one of first impression. In *People v Barrett,* 93 Mich App 808; 287 NW2d 348 (1979), this Court analyzed a similar fact situation. There, as here, the defendant argued that the felony-firearm statute should be interpreted analogously to Michigan's habitual offender act, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* so that no enhanced punishment would be proper under MCL 750.227b(1); MSA 28.424(2)(1) unless the subsequent felony-firearm offense was committed after the defendant had been convicted of a previous felony-firearm charge. In rejecting this argument the *Barrett* Court observed (p 815):

"While both statutes are similar in that each is imbued with a general deterrent force common to all criminal statutes, they are strikingly different in language and purpose. The habitual offender act specifically excepts from its coverage the first-time offender whereas the felony-firearm statute applies to all offenders. The habitual offender statute was intended to afford a first offender an opportunity to reform. Thus, a time gap between convictions becomes important. By contrast, the felony-firearm statute is directed at pun-

ishing the use of firearms during unlawful acts and, as such, is not concerned with the time at which convictions are received."

We agree with the result reached in *Barrett.* The language of the felony-firearm statute is unambiguous and is distinguishable on its face from that of the habitual criminal act. Had the Legislature intended to do so, it coudl easily have incorporated into the felony-firearm statute the clear language already existing in the habitual offender act, and thus dictated the result argued for by defendant. Its failure to do so must be regarded as intentional and meaningful.

Defendant's allegation that the felony-firearm statute provides inadequate notice is without merit.

Affirmed.

CYNAR, P.J., concurred.

D. F. WALSH, J. *(dissenting).* I must respectfully dissent. In my judgment in providing for increased terms of imprisonment for subsequent felony-firearm convictions it was the intent of the Legislature to discourage recidivism. The harsh sentencing consequences for subsequent offenders are meant for those who, having already served an additional two-year term of imprisonment for violation of the felony-firearm law, are not dissuaded from again pursuing the same course of conduct.

I would rule that despite the difference in language the felony-firearm act must be given the same interpretation as the habitual offender act and that the criminal activity supporting the subsequent conviction must have occurred after the prior conviction.

I would remand for resentencing.