PEOPLE v LUSTER

Docket Nos. 78-4990, 78-4991. Submitted January 9, 1980, at Detroit.
—Decided March 5, 1980.

Defendant, Will Henry Luster, was convicted, on his pleas of
guilty, of two counts each of armed robbery and felony-firearm
arising out of separate incidents but pled to on the same day.
He was sentenced by the Wayne Circuit Court, Richard D.
Dunn, J., to two concurrent 10 to 25 year sentences for the
armed robberies and to a mandatory five year term as a second
felony-firearm offender. Defendant appeals. *Held:*

1. Multiple convictions arising out of separate incidents pled
to on the same day may serve as the basis for subsequent-
offender convictions under the felony-firearm statute.

2. Conviction of both armed robbery and felony-firearm does
not violate the provision against double jeopardy.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM STATUTE — MULTIPLE CONVIC-
TIONS — STATUTES.

Multiple convictions arising out of separate incidents pled to on
the same day may serve as the basis for subsequent-offender
convictions under the felony-firearm statute (MCL 750.227b;
MSA 28.424[2]).

2. ROBBERY — ARMED ROBBERY — DOUBLE JEOPARDY — FELONY-FIRE-
ARM.

Conviction of both armed robbery and felony-firearm does not
violate the provision against double jeopardy.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6 *et
seq.*
Chronological or procedural sequence of former convictions as
affecting enhancement of penalty for subsequent offense under
habitual criminal statutes. 24 ALR2d 1247.
[2] 21 Am Jur 2d, Criminal Law §§ 8, 182 *et seq.*

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William Morris* and *Timothy Scallen,* Assistants Prosecuting Attorney, for the people.

State Appellate Defender Office (by *Mardi Crawford* and *Marshall S. Redman),* for defendant on appeal.

Before: R. M. Maher, P.J., and M. F. Cavanagh and Cynar, JJ.

Per Curiam. Defendant entered a plea of guilty in Wayne Circuit Court case #78-819921-FR for armed robbery, MCL 750.529; MSA 28.797, and felony firearm, MCL 750.227b; MSA 28.424(2). At the same time, he also entered a plea of guilty in case #78-820267-FR to armed robbery and felony-firearm. These charges arose out of separate incidents. Defendant was sentenced to concurrent sentences of 10 to 25 years for armed robbery and to a mandatory five-year term as a second offender under the felony-firearm statute. Defendant appeals as of right.

Defendant contends that he should not be subject to the five-year mandatory term as a second offender for felony-firearm because both pleas were taken on the same day. The pertinent portion of the statute, MCL 750.227b; MSA 28.424(2), provides:

"Sec. 227b. (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years."

The defendant was charged with and stood convicted of two separate violations of felony-firearm, and so became subject to the five-year mandatory term. The fact that his pleas were entered on the same day does not alter the result which the legislature plainly intended. See *People v Barrett,* 93 Mich App 808; 287 NW2d 348 (1979), and *People v Willis,* 95 Mich App 32; 290 NW2d 82 (1980).[1]

The defendant's argument that conviction of armed robbery and felony-firearm violates the provision against double jeopardy is without merit. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Affirmed.

---

[1] We disagree with footnote 3 of *People v Barrett, supra,* which concludes that a ten-year sentence for "a third or subsequent conviction" can only be imposed if that third conviction "follows or succeeds" the former, *i.e.,* that it must occur at a later time. This is a tortured reading of a plainly-stated, straightforward legislative directive: that one who has a third, fourth, fifth, sixth, etc. conviction is subject to a mandatory ten-year term. Thus, had defendant entered a plea to three separate charges of felony-firearm at the same time, the trial court would have been required to impose a ten-year sentence under MCL 750.227b; MSA 28.424(2).