PEOPLE v FYFE

Docket Nos. 45572, 45573, 45574. Submitted April 22, 1980, at Detroit. —Decided January 6, 1981.

Joseph Fyfe pled guilty to one count of assault with intent to rob being armed, two counts of armed robbery, and three counts of possession of a firearm during the commission of a felony. He received concurrent prison terms for the assault and armed robbery convictions to be served consecutively with and following concurrent terms of two, five, and ten years for the felony-firearm convictions, Detroit Recorder's Court, Clarice Jobes, J. He appeals, alleging that the trial court erred in imposing cumulative sentences for his second and third felony-firearm convictions as all of the convictions arose out of a single plea-taking proceeding. The cases were consolidated for appeal. *Held:*

1. The informations which charged defendant with the second and third felony-firearm offenses were not defective. The felony-firearm statute does not provide that a prior conviction for its violation be alleged in prosecutions for subsequent violations.

2. Defendant's pleas were based on separate criminal offenses. The fact that the pleas were taken at a single proceeding is of no significance. The Legislature intended that the sentences imposed under the felony-firearm statute be based on the frequency of firearm use.

Affirmed.

Bronson, J., concurred in part and dissented in part. He would affirm all of defendant's convictions, but would vacate the cumulative sentences for the second and third felony-firearm convictions and remand for entry of three concurrent two-year sentences for defendant's violations of the felony-firearm

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 23.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 21.

[3, 4] 79 Am Jur 2d, Weapons and Firearms § 22.

[4, 6] 21 Am Jur 2d, Criminal Law §§ 8, 547.

[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 3.

statute. He would hold that the intent of the Legislature with respect to cumulative sentencing under the felony-firearm statute was to discourage recidivism and that, for those provisions to apply, the criminal activity supporting a second, third, or subsequent felony-firearm conviction must have occurred after the prior conviction. He would remand for sentencing.

OPINION OF THE COURT

1. CRIMINAL LAW — HABITUAL OFFENDERS — CRIMINAL PROCEDURE — STATUTES.

The habitual offender act requires the filing of a supplemental information specifically charging a defendant with prior felony convictions and the conducting of a separate proceeding to determine the validity of the charges (MCL 769.13; MSA 28.1085).

2. CRIMINAL LAW — FELONY-FIREARM STATUTE — ALLEGATIONS OF PRIOR CONVICTIONS — STATUTES.

An information charging second and third felony-firearm offenses need not allege a defendant's prior conviction for violation of the statute (MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW — FELONY-FIREARM STATUTE — REPEAT OFFENDERS — STATUTES.

The felony-firearm statute imposes an enhanced sentence for conviction for repeated offenses pursuant to its own terms (MCL 750.227b[1]; MSA 28.424[2][1]).

4. CRIMINAL LAW — FELONY-FIREARM STATUTE — CUMULATIVE SENTENCES — LEGISLATIVE INTENT — STATUTES.

The cumulative sentencing provisions of the felony-firearm statute may operate even though the convictions for repeated use of firearms arise from a single plea-taking procedure where the pleas are based on separate criminal offenses; the Legislature clearly intended that a sentence imposed under this statute be based on the frequency of firearm use (MCL 750.227b; MSA 28.424[2]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, J.

5. CRIMINAL LAW — FELONY-FIREARM STATUTE — REPEAT OFFENDERS — LEGISLATIVE INTENT — STATUTES.

*The Legislature intended that punishment for repeat felony-firearm offenders be increased to discourage recidivism (MCL 750.227b; MSA 28.424[2]).*

6. Criminal Law — Felony-Firearm Statute — Cumulative Sentences — Statutes.

    *The criminal activity supporting a second, third, or subsequent felony-firearm conviction must have occurred after the prior conviction before the cumulative sentencing provisions of the statute apply (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Gary R. Dettloff,* Assistant Prosecuting Attorney, for the people.

Joseph Fyfe, *in propria persona.*

Before: V. J. Brennan, P.J., and Bronson and H. E. Deming,* JJ.

Per Curiam. Defendant was convicted on his pleas of guilty to one count of assault with intent to rob being armed, MCL 750.89; MSA 28.284, two counts of armed robbery, MCL 750.529; MSA 28.797, and three counts under the felony-firearm statute, MCL 750.227b; MSA 28.424(2). He was sentenced to three concurrent prison terms of from 2 to 15 years on the assault and armed robbery convictions,[1] to begin after he had finished serving a ten-year sentence on the felony-firearm convictions. The trial court imposed sentences of two years, five years, and ten years, respectively, on each of the felony-firearm convictions to run concurrently with each other and consecutively with the concurrent sentences imposed for the assault and armed robbery convictions.

The principal argument raised by defendant on

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The record also reflects that the trial court imposed a sentence of from one to five years for unlawfully driving away an automobile, MCL 750.413; MSA 28.645, to be served concurrently with the sentences on the assault and armed robbery convictions.

appeal concerns the issue of whether the cumulative-sentencing provisions of the felony-firearm statute come into play when all of the convictions arise out of a single plea-taking proceeding. The cumulative-sentencing provisions are contained in the body of the felony-firearm statute itself, and provide as follows:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years." MCL 750.227b(1); MSA 28.424(2)(1).

The record of the plea-taking proceedings reveals that defendant was aware of the fact that by pleading guilty to the three felony-firearm counts he would receive a ten-year sentence to be served before the commencement of his sentences on the other convictions. There being no question as to defendant's awareness of the sentencing consequences of his plea, he challenges whether the ten-year sentence was legally authorized by the statute in a case where all three convictions, although based on separate criminal transactions, nevertheless resulted from a single plea-taking proceeding.

This issue is not one of first impression. In *People v Barrett,* 93 Mich App 808; 287 NW2d 348 (1979), another panel of this Court held that where a defendant is simultaneously convicted on two felony-firearm charges, each arising from a distinct criminal episode, a five-year sentence is appropriate. Support for this position was principally based on distinguishing the defendant's analogy to cases

arising under the habitual offender act. See MCL
769.10 *et seq.;* MSA 28.1082 *et seq.* Affirmative
support was found for the Court's interpretation,
however, in the statute's reference to "subsequent"
convictions. According to the Court in *Barrett,* a
ten-year sentence could be imposed for *either* a
third or a subsequent conviction, so that a defen-
dant who had already been once convicted of a
felony-firearm offense could be given a ten-year
sentence on a second felony-firearm conviction so
long as the second conviction followed in time and
was, therefore, "subsequent" to the first. Based on
this interpretation, the *Barrett* Court found sup-
port for the position that the Legislature intended
to impose a five-year sentence on a defendant who
received two *simultaneous* felony-firearm convic-
tions. *Barrett, supra,* 815, fn 3.[2]

The result in *Barrett* was approved by a major-
ity of another panel of this Court in *People v
Willis,* 95 Mich App 32; 290 NW2d 82 (1980). The
issue was the same as in *Barrett:* whether two
guilty plea convictions taken on the same day,
although arising out of separate criminal episodes,
could form the basis of the five-year sentence
mandated by the statute on a second conviction.
The *Willis* majority quoted approvingly from *Bar-
rett* and rejected the defendant's analogy to the
habitual offender act. Judge WALSH dissented in
*Willis,* expressing his view that, in providing for
increased punishment on subsequent convictions,
the Legislature intended to discourage recidivism.
Accordingly, he advocated a rule whereby the
harsher sentencing provisions pertaining to repeat
offenders would not come into play unless the

---

[2] The Court in *Barrett* was careful to limit the holding to the facts
before it, questioning whether the cumulative sentencing provisions
could come into play when multiple felony-firearm convictions arose
out of a single criminal episode. *Barrett, supra,* 816, fn 4.

criminal activity on which a subsequent conviction
was based occurred after the date of the previous
conviction.

In the instant case, defendant advances two
arguments in support of his claim that his ten-
year sentence is unlawful. The first is based on the
allegation that the informations charging the sec-
ond and third felony-firearm offenses are defective
in that they fail to allege the prior convictions.
The second is based on a construction of the
statute and on the presumed intent of the Legisla-
ture in the enactment of the cumulative sentenc-
ing provisions.

Defendant's first argument relies heavily on
cases arising under the habitual offender act. We
agree with *Barrett* and *Willis* insofar as they
reject this analogy as determinative. See generally,
*Wayne County Prosecutor v Recorder's Court
Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app
dis sub nom Brintley v Michigan,* 444 US 948; 100
S Ct 418; 62 L Ed 2d 317 (1979). Under the
habitual offender act, the filing of a supplemental
information specifically charging prior felonies is
required, and a separate proceeding is provided.
MCL 769.13; MSA 28.1085. These features are
totally absent from the felony-firearm statute
which, by its own terms, imposes a greater sen-
tence on the repeat offender. Defendant also in-
vites analogy to Michigan's prohibition-era liquor
law which, in a manner similar to the felony-
firearm statute, provided a greater punishment for
the repeat offender within its own provisions.[3] The

[3] The statute provided:

"Any person, who, himself or by his clerk, agent or employe, shall
violate any of the provisions of this act, for which violation a specific
penalty is not herein provided, shall be guilty of a felony and upon
conviction thereof be sentenced to pay a fine of not more than one
thousand dollars and the costs of prosecution, or to imprisonment in
any penal institution of this State for a period of not more than one

Supreme Court construed this statute in such a manner as to require that the information charge a second or subsequent offense as such before the sentence-enhancement provisions of the statute became operative. *People v McDonald,* 233 Mich 98; 206 NW 516 (1925), *People v Ancksornby,* 231 Mich 271; 203 NW 864 (1925). This analogy must also be rejected. The liquor law provided for increased punishment "for every second and subsequent offense, so committed, * * * upon conviction thereof". Under this language, increased punishment was provided upon conviction *for a second offense.* This language was sufficient to compel a requirement that a second offense be charged as such. Similar language does not appear in the felony-firearm statute, which refers only to a second, third, or subsequent *conviction,* so that this analogy does not automatically compel the same result in the instant case.

The single plea-taking proceeding argument has no significance where, as here, the pleas were based on separate criminal offenses. On many occasions a defendant with several charges and files in a busy criminal court will plead guilty

year, or both such fine and imprisonment in the discretion of the court, *and for every second and subsequent offense, so committed, whether in the same county or in any other county of the State, he shall, upon conviction thereof, be sentenced to imprisonment in any penal institution of this State for a term of not less than six months or more than two years, and in addition thereto the court may impose a fine not to exceed one thousand dollars."* 1919 PA 53, § 51. (Emphasis added.)

Another sentence enhancement scheme appears in at least two Michigan statutes. Under both the controlled substances provisions of the public health code and the criminal sexual conduct statute, increased penalties are imposed on the repeat offender. The precise issue in the instant case is avoided, however, as these statutes limit the application of their sentence-enhancement provisions to cases where a conviction on an enumerated prior offense exists *before* conviction on the second or subsequent offense, thereby avoiding the problem of "simultaneous" convictions. MCL 333.7413; MSA 14.15(7413), MCL 750.520f; MSA 28.788(6).

before one judge on one occasion to the charge or a reduced charge in each case. The sentences imposed are determined from the circumstances of each charge, and, if there was a repeated use of firearms, the Legislature clearly intended that the courts should count the number of times that a defendant used a firearm and sentence him accordingly.

Affirmed as to all convictions and sentences.

BRONSON, J. *(concurring in part, dissenting in part)*. I, too, would affirm all of defendant's convictions. However, I would vacate defendant's five and ten-year sentences for the second and third felony-firearm convictions and remand for entry of three concurrent two-year sentences to be served consecutively with the sentences imposed for the other convictions.

I am persuaded by Judge WALSH's dissent in *People v Willis*, 95 Mich App 32; 290 NW2d 82 (1980), and agree with him that, in providing increased punishment for repeat felony-firearm offenders, it was the intent of the Legislature to discourage recidivism. While I concur with the decisions in *Willis, People v Barrett*, 93 Mich App 808; 287 NW2d 348 (1979), and the majority here, insofar as they reject as controlling the analogy to the habitual offender act, I do not believe that this rejection alone mandates affirmance of the enhanced sentences for the felony-firearm convictions. While the *Barrett* Court found affirmative support for the result reached there in the construction of the term "subsequent" as used in the felony-firearm statute, I respectfully disagree with that construction and reject any inference built upon it. In *Barrett,* this Court determined that, since a ten-year sentence might be imposed for a third *or subsequent* felony-firearm conviction (in-

cluding a second conviction, as long as it was *subsequent* to a prior conviction), a five-year sentence was proper for two simultaneous *(i.e.,* nonsubsequent) felony-firearm convictions. I believe it is clear that, in mandating a ten-year sentence for a third or subsequent felony-firearm conviction, the Legislature intended the ten-year sentence only for a third, fourth, or fifth, etc. felony-firearm conviction. For a second conviction, even when subsequent to the first, only a five-year sentence would be statutorily authorized.

I adopt the construction urged by Judge WALSH in *Willis, supra,* and hold that the criminal activity supporting a second, third, or subsequent felony-firearm conviction must have occurred after the prior conviction before the cumulative-sentencing provisions of the statute apply. Accordingly, I would remand for resentencing.