## PEOPLE v SPEARMAN

Docket No. 44962. Submitted April 21, 1980, at Detroit.—Decided February 3, 1981.

Raymond A. Spearman was convicted of felonious assault and felony-firearm in Recorder's Court of Detroit, Justin C. Ravitz, J. He was sentenced to consecutive prison terms of two years for the felony-firearm conviction and one to four years for the felonious assault. Defendant later appeared before the same court, charged with several offenses resulting from criminal activity unrelated to that which led to the convictions. He pled guilty to two counts of assault with intent to commit murder and one count each of felonious assault and possession of a firearm during the commission of a felony and was sentenced the same day to concurrent prison terms of from three to eight years for the assaults with intent to commit murder and two to four years for the felonious assault. The judge ordered that these sentences be served concurrently with each other and with the earlier sentence for the felonious assault conviction and imposed a two-year sentence for the felony-firearm conviction to be served concurrently with the two-year sentence for the earlier felony-firearm conviction. The people filed an application for delayed appeal to the Court of Appeals, contesting the validity of the sentence imposed. The application was denied. The people then applied for leave to appeal to the Supreme Court which, on April 24, 1979, remanded the case to this Court for consideration as on leave granted, 406 Mich 939 (1979). *Held:*

1. Multiple felony-firearm convictions are the proper subject of subsequent offender punishment under the felony-firearm statute regardless of when the offenses were committed unless they arose out of one criminal transaction. Therefore, the court

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.

[2] 21 Am Jur 2d, Criminal Law § 547.

[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 3.

[4] 21 Am Jur 2d, Criminal Law §§ 547, 548.

What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

erred in sentencing defendant to only two years for the subsequent felony-firearm conviction.

2. Concurrent sentences are proper for simultaneous felony-firearm convictions.

Remanded for resentencing.

BRONSON, J., dissented. He would hold that the criminal activity supporting a second, third, or subsequent felony-firearm conviction must have occurred after the prior conviction before the cumulative sentencing provisions of the statute apply.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM — SUBSEQUENT OFFENDERS — STATUTES.

Multiple felony-firearm convictions are the proper subject of subsequent offender punishment under the felony-firearm statute regardless of when the offenses were committed unless they arose out of one criminal transaction (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — FELONY-FIREARM — SUBSEQUENT OFFENDERS — STATUTES.

The felony-firearm statute does not require consecutive sentences for simultaneous felony-firearm convictions; in such a case, concurrent sentences are proper (MCL 750.227b; MSA 28.424[2]).

DISSENT BY BRONSON, J.

3. CRIMINAL LAW — FELONY-FIREARM — SUBSEQUENT OFFENDERS — LEGISLATIVE INTENT — STATUTES.

*The Legislature intended that punishment for repeat felony-firearm offenders be increased to discourage recidivism (MCL 750.227b; MSA 28.424[2]).*

4. CRIMINAL LAW — FELONY-FIREARM — CUMULATIVE SENTENCES — STATUTES.

*The criminal activity supporting a second, third, or subsequent felony-firearm conviction must have occurred after the prior conviction before the cumulative sentencing provisions of the statute apply (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Rita Chastang*, Assistant Prosecuting Attorney, for the people.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

H. E. DEMING, J. On March 15, 1978, defendant was convicted by a Detroit Recorder's Court jury of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to consecutive prison terms of two years for the felony-firearm conviction and one to four years for the felonious assault. Defendant appeared before the same court on March 22, 1978, charged with several offenses resulting from criminal activity unrelated to that which led to the March 15 convictions. He pled guilty to two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count each of felonious assault and possession of a firearm during the commission of a felony. Defendant was sentenced the same day to concurrent prison terms of from three to eight years for the assaults with intent to commit murder and two to four years for the felonious assault. The judge ordered that these sentences be served concurrently with each other and with the sentence for the March 15 felonious assault conviction and imposed a two-year sentence for the felony-firearm conviction to be served concurrently with the two-year sentence for the March 15 felony-firearm conviction.

During the March 22 hearing, the prosecutor suggested the possibility of an appeal to this Court to determine what sentence was required by the

* Circuit judge, sitting on the Court of Appeals by assignment.

felony-firearm statute. The judge responded as follows:

"I'm prepared to say on the record that I've engaged in conversations with counsel as to whether or not The Possession Of A Firearm count would require a five year sentence, it being the second conviction. I've shared with counsel, and I'm stating for the record now, that I don't think it would. I don't think that it would because Mr. Spearman wasn't charged as a second offender under that statute. And I don't think that it would because the purpose and intent of the statute is to deter a person who has been convicted, then sentenced, and served that sentence, from coming out and doing it again.

"Under the facts of this case, as I understand them to be, I think that the statute cannot Constitutionally be so applied against Mr. Spearman.

"If I should ever be reversed on that question, believing as I do that it's a question of first impression that's never been passed on by the appellate courts in Michigan, it would be my position straight up on this record that Mr. Spearman would be entitled to come back to at the very least be re-sentenced on all of the other counts that are before me. Because I sure would not be sentencing him to three to eight years if the sentence on Count IV had to be five years."

The people filed an application for delayed appeal to this Court, contesting the validity of the sentence imposed. The application was denied for lack of merit in the grounds presented on November 21, 1978. The people then applied for leave to appeal to the Supreme Court which, on April 24, 1979, remanded the case to this Court for consideration as on leave granted.

The people first argue that the sentencing judge abused his discretion in imposing a two-year sentence for defendant's second felony-firearm conviction because the statute required a five-year sen-

tence. We agree, based on the following language in the felony-firearm statute:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. *Upon a second conviction under this section, the person shall be imprisoned for 5 years.* Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years." MCL 750.227b(1); MSA 28.424(2)(1). (Emphasis added.)

The statute does not allow a trial judge any discretion in determining the length of the sentence; it absolutely requires a five-year sentence upon a defendant's second felony-firearm conviction. This Court has twice rejected claims that second-offender punishment is improper under the felony-firearm statute unless the subsequent offense was committed after the defendant was convicted of a previous felony-firearm violation. *People v Barrett,* 93 Mich App 808; 287 NW2d 348 (1979), *People v Willis,* 95 Mich App 32; 290 NW2d 82 (1980). The only exception to the holdings, inapplicable in the present case, is where multiple felony-firearm convictions arise out of a single criminal transaction. 93 Mich App 808, 816, fn 4.

In the instant case, the sentencing judge expressed his belief that defendant should have been charged as a second felony-firearm offender if a five-year sentence was to be imposed. We disagree because the statute contains no such charging requirement. The judge may have been thinking of the habitual offender act, MCL 769.10 *et seq.;* MSA 28.1082 *ct seq.,* which provides for charging a person as an habitual offender. Such a requirement would serve no purpose in the felony-firearm

situation. A defendant charged with a felony-fire-
arm violation is thereby put on notice of the
statute and its sentencing provisions. Obviously, if
he receives multiple convictions under the statute,
he will receive an enhanced sentence.

In his dissent to *People v Willis, supra,* Judge
WALSH expressed his view that, because the intent
of the Legislature in enacting the felony-firearm
statute was to discourage recidivism, the increased
sentences for repeat offenders were meant to apply
only where a person convicted and sentenced for a
felony-firearm offense goes back on the street and
repeats the illegal conduct. However, the Legisla-
ture did not use any "after conviction" language in
the statute. Furthermore, both deterrence and
certainty of punishment were objectives of the
statute. *People v Elowe,* 85 Mich App 744; 272
NW2d 596 (1978), *People v Blount,* 87 Mich App
501; 275 NW2d 21 (1978). Multiple offender pun-
ishment in the case of simultaneous felony-firearm
convictions is not inconsistent with the punish-
ment objective. We hold that the felony-firearm
statute is unambiguous on this point and man-
dated multiple-offender punishment in the present
case.

The people next claim that the sentencing judge
erred by imposing concurrent rather than consecu-
tive sentences for defendant's two felony-firearm
convictions. This argument is supported by *People
v Sawyer,* 94 Mich App 393; 288 NW2d 438 (1979),
where the Court stated that where a defendant
pleads guilty to two felony-firearm offenses at a
single proceeding, the statute requires that the
sentences for the felony-firearm convictions be
consecutive.

We disagree with *Sawyer* and hold that the
felony-firearm statute does not mandate consecu-

tive sentences for simultaneous felony-firearm convictions. The statute expressly requires consecutive sentences for the felony-firearm conviction and the conviction for the underlying felony. We believe the Legislature would have inserted a similar provision requiring consecutive sentences in situations like that of the present case had they intended such a result. The people argue that language stating that a person convicted "shall be imprisoned" for two years and that a second-offender "shall be imprisoned" for five years requires consecutive sentences in the instant case. At best, this language is ambiguous on the relationship between sentences for simultaneous felony-firearm convictions. If so, the "rule of lenity" requires us to resolve the doubt against the imposition of harsher punishment. *People v Bergevin,* 406 Mich 307, 311-312; 279 NW2d 528 (1979).

The sentencing judge stated that he would have imposed a different sentence for the other offenses if he was required to impose a five-year sentence for the second felony-firearm offense. Therefore, we reverse and remand for resentencing on all of the March 22, 1978, convictions.

Reversed and remanded.

V. J. Brennan, P.J., concurred.

Bronson, J. *(dissenting).* I would affirm. There is no need for me to detail my reasons in this opinion, having already done so in *People v Fyfe,* 102 Mich App 736; 302 NW2d 300 (1981).