PEOPLE v SPEARMAN

Docket No. 44962. Submitted April 21, 1980, at Detroit.—Decided June 24, 1981.

Raymond A. Spearman was convicted of felonious assault and possession of a firearm during the commission of a felony, Detroit Recorder's Court, Justin C. Ravitz, J. He subsequently pled guilty to charges involving, *inter alia,* possession of a firearm during the commission of a felony which were unrelated to his previous conviction. However, the defendant was not charged as a second-time offender under the felony-firearm statute, and the court imposed only a concurrent, two-year sentence for the second felony-firearm conviction. The people sought leave to appeal in the Court of Appeals, which was denied. Thereafter, the people sought leave to appeal in the Supreme Court which, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted, 406 Mich 939 (1979). The Court of Appeals held, on remand, that the second offender punishment provision of the felony-firearm statute was applicable in cases of simultaneous felony-firearm convictions and remanded the case to the trial court for resentencing, 103 Mich App 398 (1981). Following the decision of the Court of Appeals, the Supreme Court decided *People v Sawyer,* 410 Mich 531 (1981), holding, *inter alia,* that the second offender punishment provision of the felony-firearm statute could be imposed only where the second offense is committed subsequent to the first. In light of the Supreme Court's holding, the Court of Appeals, on its own motion, rescinds its previous order for resentencing and, in lieu thereof, reinstates the sentences and affirms the decisions of the trial court.

Affirmed.

CRIMINAL LAW — FELONY-FIREARM — SUBSEQUENT OFFENDERS — STATUTES.

The Legislature intended that the second offender punishment

REFERENCES FOR POINTS IN HEADNOTE

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 4.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

provision of the felony-firearm statute is to be imposed following a second conviction under the statute only where the second offense occurs subsequent to the first conviction (MCL 750.227b[1]; MSA 28.424[2][1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

PER CURIAM. This Court, on February 3, 1981, in a published opinion, decided *People v Spearman,* 103 Mich App 398; 303 NW2d 23 (1981), Judge BRONSON dissenting. In the decision, we held that the second offender punishment provision of the felony-firearm statute, MCL 750.227b(1); MSA 28.424(2)(1), is applicable in cases of simultaneous felony-firearm convictions. Accordingly, we entered a remand order for resentencing on all of defendant's March 22, 1978, convictions.

Shortly thereafter, the Michigan Supreme Court decided *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981). The Supreme Court held, *inter alia,* that the Legislature must have intended that the five-year term of imprisonment for a second conviction of felony-firearm be imposed only where the second offense is subsequent to the first conviction.

In light of the holding and rationale set forth in *Sawyer, supra,* we, *sua sponte,* rescind our remand order for resentencing in *Spearman, supra.* In lieu thereof, we reinstate and affirm the sentencing judge's sentences.

---

* Circuit judge, sitting on the Court of Appeals by assignment.